IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAMELA MONTEZ MOORE, ) | |
| on behalf of L.J.H., Jr., a minor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.              ) | CIVIL ACTION NO. 2:13cv527-TFM |
| ) | (WO) |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION**

**I. PROCEDURAL HISTORY**

The plaintiff, Pamela Montez Moore ("Moore" or "Plaintiff"), filed this lawsuit on behalf of her child, L.J.H., Jr. ("L.J.H."), challenging a final judgment by Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, in which she determined that L.J.H. is not "disabled" and, therefore, not entitled to child supplemental security income benefits. On May 17, 2010, Moore filed on behalf of L.J.H. an application for supplemental security income benefits. Moore's application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ determined that L.J.H. is not disabled. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*,

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social

792 F.2d 129, 131 (11th Cir. 1986). The parties have consented to the undersigned United States Magistrate Judge rendering a final judgment in this lawsuit. The court has jurisdiction over this lawsuit under 42 U.S.C. §§ 405(g) and 1383(c)(3).[2] Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner is due to be AFFIRMED.

## II.  STANDARD OF REVIEW

An individual under 18 is considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I) (1999). The sequential analysis for determining whether a child claimant is disabled is as follows:

1. If the claimant is engaged in substantial gainful activity, [s]he is not disabled.

2. If the claimant is not engaged in substantial gainful activity, the Commissioner determines whether the claimant has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is a severe impairment. If the claimant's impairment is not severe, [s]he is not disabled.

3. If the impairment is severe, the Commissioner determines whether the impairment meets the durational requirement and meets, medically equals, or functionally equals in severity an impairment listed in 20

---

Security matters were transferred to the Commissioner of Social Security.

[2] Title 42 U.S.C. §§ 405(g) and 1383(c)(3) allow a plaintiff to appeal a final decision of the Commissioner to the district court in the district in which the plaintiff resides.

>C.F.R. Part 404, Subpart P, Appendix 1. If the impairment satisfies this requirement, the claimant is presumed disabled.

*See* 20 C.F.R. § 416.924(a)-(d) (1997).

The Commissioner's regulations provide that if a child's impairment or impairments are not medically equal, or functionally equivalent in severity to a listed impairment, the child is not disabled. *See* 20 C.F.R. § 416.924(d)(2) (1997). In determining whether a child's impairment functionally equals a listed impairment, an ALJ must consider the extent to which the impairment limits the child's ability to function in the following six "domains" of life: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1279 (11th Cir. 2004); 20 C.F.R. § 416.926a(b)(1). A child's impairment functionally equals a listed impairment, and thus constitutes a disability, if the child's limitations are "marked" in two of the six life domains, or if the child's limitations are "extreme" in one of the six domains. *Shinn*, 391 F.3d at 1279; 20 C.F.R. § 416.926a(d).

In reviewing the Commissioner's decision, the court asks only whether his findings concerning the steps are supported by substantial evidence. *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance: it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec., 3*63 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted). The court "may not decide the facts

anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart,* 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted). The court must, however, conduct an "exacting examination of the [Commissioner's] conclusions of law." *Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990).

### III. INTRODUCTION

#### A. The Commissioner's Decision

L.J.H. was 2 years and 8 months of age at the hearing before the ALJ. (R. 15, 43). Moore alleges that, on November 1, 2009, L.J.H. became disabled due to a seizure disorder. (R. 139). The ALJ, in his opinion, followed the regulations' three steps listed above when he analyzed L.J.H.'s claim. After doing so, he concluded that L.J.H. is not disabled and, therefore, denied his claim for supplemental social security benefits. Under the first step, the ALJ found that L.J.H. is not engaged in substantial gainful activity. (R. 15.) At the second step, the ALJ found that L.J.H. suffers from a seizure disorder as a severe impairment. (*Id*.). At step three, the ALJ found that L.J.H.'s impairments, when considered singularly or in combination, do not meet or medically equal in severity the criteria for any impairment listed at 20 CFR, part 404, Subpart P, Appendix 1. (*Id.*).

In addition, the ALJ concluded that L.J.H.'s impairments do not functionally equal a Listing. (R. 16-24.) Specifically, the ALJ found that L.J.H. has less than marked limitations in the domains of acquiring and using information, attending and completing tasks, moving and manipulating objects, interacting with others, caring for himself, and

health and physical well-being. (R. 18-24). The ALJ concluded that L.J.H. does not have an extreme limitation in one area of functioning, nor does he have a marked limitation in two areas of functioning. (R. 24.) Consequently, the ALJ determined that L.J.H. is not disabled. (R. 24-25.)

### B. The Plaintiff's Claim

The sole issue presented by Moore is whether "the ALJ's finding that [L.J.H.] has less than a marked limitation in the domain of health and physical well being is not supported by substantial evidence." (Doc. No. 13, Pl's Br., p. 5.)

### IV. DISCUSSION

Moore asserts the ALJ improperly relied on the opinions of two non-examining physicians when determining L.J.H.'s seizure disorder does not functionally equal Listing 111.02.

> Social Security regulations provide a three-step sequential analysis for determining whether a child is disabled. 20 C.F.R. § 416.924(a). First, the Commissioner must determine whether the child is engaged in substantial gainful activity. *Id*. If yes, the child is not disabled, but if not, the Commissioner must then proceed to the second question, which is whether the claimant has a severe impairment. *Id*. If not, the child is not disabled. *Id*. If yes, *the Commissioner then must consider the third step, whether the child has an impairment that meets, medically equally, or functionally equals the Listing of impairments*. *Id*. If the child satisfied a listing, the child is conclusively disabled. *Id*.

*Gibbs v. Barnhart*, 130 Fed. Appx. 426, 428-29 (11th Cir. 2005) (emphasis added); *Henry v. Barnhart*, 156 Fed. Appx. 171, 173 (11th Cir. 2005) (emphasis added).

The ALJ found that L.J.H. has not engaged in substantial gainful activity and that his

seizure disorder is a severe impairment. Step three requires a three-tiered approach to determine whether the child has an impairment that meets, medically equals, or functionally equals the Listing of impairments. First, the ALJ must consider whether L.J.H. *meets* a Listing. 20 C.F.R. § 416.924(a); *Johnson*, 148 Fed. Appx. at 840. "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). Next, the ALJ must consider whether L.J.H.'s impairments *medically equal* the Listings. 20 C.F.R. § 416.924(a). To medically equal a listing, there must be in the record "medical findings that are at least equal in severity and duration." *Johnson*, 148 Fed. Appx. at 841-42. Finally, if the ALJ concludes that L.J.H. does not meet or medically equal a Listing, the ALJ must determine whether L.J.H. *functionally equals* a Listing by considering the six domains of functional limitations set forth in the regulations. *See Henry*, 156 Fed. Appx. at 173-74.

The required level of severity for Listing 111.02, Major Motor Seizure Disorder, is as follows:

> A. Convulsive epilepsy. In a child with an established diagnosis of epilepsy, the occurrence of more than one major motor seizure per month despite at least three months of prescribed treatment. With:
>
> 1. Daytime episodes (loss of consciousness and convulsive seizures); or
>
> 2. Nocturnal episodes manifesting residuals which interfere with activity during the day.
>
> B. Convulsive epilepsy syndrome. In a child with an established diagnosis

>>of epilepsy, the occurrence of at least one major motor seizure in the year prior to application despite at least three months of prescribed treatment.  And one of the following:
>
>>1.IQ of 70 or less; or
>
>>2.Significant interference with communication due to speech, hearing, or visual defect; or
>
>>3.Significant mental disorder; or
>
>>4.Where significant adverse effects of medication interfere with major daily activities.

20 C.F.R. Pt. 404, Subpt. P App. 1, Listing 111.02.

Plaintiff does not challenge the ALJ's finding that L.J.H. does not meet or medically equal the Listing.  She does, however, assert that the ALJ erred in determining that L.J.H. does not functionally equal the Listing.  Specifically, she argues that the opinion of Dr. Leah Sanchez, L.J.H.'s pediatric neurologist, establishes that L.J.H. has an extreme limitation in the domain of health and well being.

The law in this Circuit is well-settled that the ALJ must accord "substantial weight" or "considerable weight" to the opinion, diagnosis, and medical evidence of the claimant's treating physician unless good cause exists for not doing so. *Jones v. Bowen,* 810 F.2d 1001, 1005 (11th Cir. 1986); *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir. 1985).  The Commissioner, as reflected in his regulations, also demonstrates a similar preference for the opinion of treating physicians.

>Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring

> a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.

*Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 CFR § 404.1527 (d)(2)). It is not only legally relevant but unquestionably logical that the opinions, diagnosis, and medical evidence of a treating physician whose familiarity with the patient's injuries, course of treatment, and responses over a considerable length of time, should be given considerable weight. *Smith v. Schweiker*, 646 F.2d 1075, 1081 (5th Cir. 1981).

The ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983). However, the ALJ must articulate the weight given to a treating physician's opinion and must articulate any reasons for discounting the opinion. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987).

Plaintiff argues that the ALJ's opinion is "based almost entirely on the opinions of Dr. Doris S. Phillips, a non-examining medical doctor, and the medical expert, Dr. Anderson." (Pl's Br., p. 6). She contends that Drs. Phillips and Anderson are not medical specialists and, therefore, the ALJ should have assigned "extra weight" to the opinion of Dr. Sanchez, L.J.H.'s neurologist. This court's review of the record, however, indicates that the ALJ assigned great weight to the opinion of the treating pediatric neurologist, as well as to the opinions of the non-examining physicians. (R. 17). Specifically, the ALJ assigned

> . . . great weight to the opinions of Drs. Anderson, Phillips, and Sanchez. The expert evaluations find the claimant to be somewhat less impaired than I do but fully support the decision reached.

(R. 17).

The opinion of reviewing, non-examining physicians, when contrary to those of examining physicians, are entitled to little weight. *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985); *Ortega v. Chater*, 933 F. Supp. 1071, 1074 (S.D. Fla. 1996) (citing *Lamb v. Bowen*, 847 F.2d 698 (11th Cir. 1988) and *Sharfarz v. Bowen*, 825 F.2d 278 (11th Cir. 1987)). The opinions of Drs. Phillips and Anderson do not conflict with Dr. Sanchez's findings. Thus, the ALJ did not inappropriately rely on the opinions of the non-examining physicians. *See Bailey v. Soc. Sec. Admin. Comm'r*, 444 Fed. Appx 365 (11th Cir. 2011) (noting 20 C.F.R. § 404.1527(f)(2)(I) and SSR 96-6p require consideration of such opinions).

Plaintiff also incorrectly argues that "the ALJ characterized and considered Dr. Sanchez's opinion as referring to Listing 111.02 for a seizure disorder due to an extreme limitation in health and physical well being." (Pl's Br., p. 5). Nothing in the medical records indicates that Dr. Sanchez, at any time, found that L.J.H. suffers from any "extreme limitation" in health and physical well being.

The opinion of the ALJ shows that he carefully considered the evidence in this case and was extremely familiar with it. A remand is not required. In this case, the ALJ concluded that although L.J.H. has deficits in health and physical well being, none of his limitations rise to the level of marked or extreme. Substantial evidence supports the ALJ's determination.

The medical records indicate L.J.H. has suffered two documented seizures. The first seizure occurred on November 1, 2009, and the second seizure occurred on April 16, 2010.

(R. 41, 320-27, 351-55.) On July 8, 2010, Dr. Sanchez examined L.J.H. (R. 293, 313). Dr. Sanchez's clinical impression was as follows:

> (1) Two recent unprovoked grand mal type seizures, the second one suggestive of status epilepticus in an otherwise healthy 20-month-old who [has] a normal EEG, nonfocal exam and has a positive maternal family history for epilepsy. Clinically, this patient appears to meet criteria for a seizure[] disorder or epilepsy.
>
> (2) Suboptimal sleep habits.

(R. 294, 314). Dr. Sanchez recommended increasing L.J.H.'s dosage of Keppra and prescribed Diastat. (R. 314-15). L.J.H. continued to receive treatment from Dr. Sanchez on a routine basis through June 10, 2011. (R. 304-12). During this treatment period, Dr. Sanchez found no additional seizure activity and that L.J.H.'s condition was "controlled on current meds." (*Id*.)

In July 2010, Dr. Doris S. Phillips, a state consultative physician, reviewed L.J.H.'s medical records and completed a Childhood Disability Evaluation Form. (R. 296-302). The non-examining physician found "less than marked functional impairment" in the domain of health and physical well-being. (R. 299).

During the hearing on March 12, 2012, Dr. James Noble Anderson, a medical expert, testified that the medical records indicate a three-year-old child with a history of complex seizure disorder, a normal EEG, and no seizures after beginning medication. (R. 33). Dr. Anderson acknowledged that L.J.H. clinically meets the criteria for a seizure disorder and has less than a marked functional impairment in the domain of health and physical well-

being.  (R. 34).

It is clear from a review of the record that the ALJ considered L.J.H.'s functional limitations and concluded that any limitations were less than marked.  Furthermore, the ALJ properly considered all of L.J.H.'s impairments and concluded that L.J.H. "does not have an impairment or combination of impairments that result in either 'marked' limitations in two domains of functioning or 'extreme' limitation in one domain of functioning."  (R. 24).  L.J.H.'s treating physician noted that L.J.H.'s seizure condition is controlled with medication and that no additional seizures have occurred.  (R. 304, 307, 309, 311-12).  In addition, Plaintiff testified that L.J.H. has not suffered a seizure since April 2010.  (R. 45).

Pursuant to the substantial evidence standard, this court's review is a limited one; the entire record must be scrutinized to determine the reasonableness of the ALJ's factual findings.  *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).  Given this standard of review, the court finds that the ALJ's detailed explanation of L.J.H.'s limitations, coupled with his analysis of L.J.H.'s complete medical history, was reasonable and consequently, is supported by substantial evidence.

## IV.  CONCLUSION

In short, this court has carefully and independently reviewed the record and concludes that the ALJ's conclusion that L.J.H. is not disabled is supported by substantial evidence.  Thus, the decision of the Commissioner is due to be AFFIRMED.

A separate order shall accompany this Opinion.

Done this 20th day of May, 2014.

        /s/Terry F. Moorer
        TERRY F. MOORER
        UNITED STATES MAGISTRATE JUDGE